**NOT FOR PUBLICATION** **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ALVARADO | Hon. Faith S. Hochberg |
| Petitioner, | Civil No. 08-592<br>Criminal No. 99-209 |
| v. | |
| UNITED STATES, | **OPINION & ORDER** |
| | Date: August 6, 2008 |
| Respondent. | |

**HOCHBERG, District Judge:** .

This matter comes before the Court upon Petitioner Jose Alvarado's ("Petitioner") pro se motion to modify his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTS

In May of 2005, Petitioner was charged with conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. On May 22, 2006, Petition pled guilty pursuant to a plea agreement with the government. Prior to sentencing, Petitioner was housed at Passaic County Jail. At his sentencing hearing on December 18, 2006, Petitioner was sentenced to 53 months imprisonment and five years supervised release. On January 22, 2008 Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 seeking a reduction in his sentence based on time served in Passaic County Jail as a pre-sentence detainee. Petitioner alleges that his incarceration at Passaic County Jail was "lengthy and harsh" and warrants a downward departure under the Sentencing Guidelines.

## II. THE PETITION IS UNTIMELY

28 U.S.C. § 2255(f) provides a one-year statute of limitations in which a petitioner must file a motion attacking his sentence. In relevant part the statute provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Third Circuit has construed subsection (f)(1) and held that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Petitioner did not file an appeal to the Third Circuit, and, under Federal Rule of Appellate Procedure 4(b), his right to do so expired ten days after his December 18, 2006 sentencing. See FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed. . . ."). Plaintiff's judgment of conviction therefore became final not later than ten days after his December 18, 2006 sentencing – December 28, 2006.

None of the remaining tolling provisions under § 2255(f) provide a later date. Subsection (2) is inapplicable because Plaintiff has not alleged that the government has in any way impeded his ability to pursue the instant motion. Subsection (3) is also inapplicable because the instant petition is not premised on a right newly recognized by the Supreme Court. Finally, under subsection (4), the facts giving rise to the instant petition were known to petitioner prior to his sentencing when he was detained at Passaic. Under § 2255(f), December 28, 2006 is the latest

date upon which the limitation period began to run on Petitioner's ability to collaterally attack his sentence. Plaintiff's right to collaterally attack his sentence therefore expired not later than December 28, 2007 and his January 21, 2007 petition is untimely.

### III. ORDER

For the foregoing reasons, it is this 6th day of August, 2008

**ORDERED** that Petitioner's application to reduce the sentence imposed on him pursuant to 28 U.S.C. § 2255 is **DENIED** as untimely; and it is further

**ORDERED** that no certificate of appealability shall issue.

/s/ Faith S. Hochberg  
**Hon. Faith S. Hochberg, U.S.D.J.**